IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   22-cr-00324-NYW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. EDWARD BAKER HARRINGTON,
   a/k/a E. BAKER HARRINGTON,
   a/k/a EDWARD BAKER HARRINGTON II,
   a/k/a BAKER HARRINGTON,

    Defendant.

---

**INDICTMENT**
**Counts 1–8**, 18 U.S.C. § 1343
**Counts 9–13**, 18 U.S.C. § 1957

---

The Grand Jury charges:

**Counts 1–8**
**WIRE FRAUD,** 18 U.S.C. § 1343

**Background on COVID-19 Relief Programs**

    1.    The United States Small Business Administration ("SBA") is an executive-branch agency of the United States government that provides support to entrepreneurs and small businesses.

    2.    On March 27, 2020, the President of the United States signed into law the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, which provided emergency assistance to small business owners suffering adverse economic effects

1

caused by the Coronavirus ("COVID-19") pandemic.  The CARES Act established several new temporary programs and expanded existing programs, including programs created or administered by the SBA.

3. One source of relief provided by the CARES Act was the Paycheck Protection Program ("PPP"), a program administered by the SBA that provided forgivable loans to small businesses for job retention and certain other expenses.  A business entity must have been in existence on or before February 15, 2020 to be eligible for a PPP loan.

4. To obtain a PPP loan, a qualifying small business was required to submit a PPP loan application, signed by an authorized representative of the business, in which the applicant acknowledged the program rules and made certain affirmative certifications.  The applicant was also required to state the business's: (a) average monthly payroll expenses; and (b) number of employees.  These figures were used to calculate the loan amount that the business was eligible to receive under the PPP.  Businesses were also required to provide documentation showing their payroll expenses, such as filed federal income tax documents.

5. PPP loan applications were received and processed, in the first instance, by a participating lender.  If a PPP loan application was approved, the participating lender funded the loan using its own monies, but the loans were guaranteed by the SBA.  Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.  The SBA paid participating lenders a

processing fee for each funded PPP loan.

6. The proceeds of a PPP loan could be used for certain specified items, such as payroll costs, mortgage interest payments, and utilities. The proceeds of a PPP loan were not permitted to be used by the borrowers to purchase consumer goods, automobiles, real estate, to pay the borrower's personal federal income taxes, or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

7. Small businesses could request forgiveness of up to the full amount of the PPP loan by filing a forgiveness application with the same lender. The forgiveness application required the business to certify, among other things, that the loan was used for eligible payroll and other business costs, and that the business had verified the eligible payroll and nonpayroll costs for which the business requested forgiveness. The business also was required to submit documentation to the lender verifying payroll costs.

**Individuals and Entities**

8. At all times relevant to the Indictment, EDWARD BAKER HARRINGTON ("HARRINGTON"), a/k/a E. BAKER HARRINGTON, EDWARD BAKER HARRINGTON II, and BAKER HARRINGTON, was a resident of the State and District of Colorado.

9. HARRINGTON was a purported owner of the following businesses: Alpine Search Partners LLC, Arapaho Consulting LLC, Elk Ridge Consulting, LLC, Spruce Lake Consulting LLC, Spruce Lake Search LLC, and Summit Consulting Services LLC.

**Banks and Lenders**

10. At all times relevant to the Indictment:

   a. Bank 1 was a financial institution based in South Dakota whose deposits were insured by the Federal Deposit Insurance Corporation ("FDIC"). Bank 1 was an approved SBA lender of PPP loans.

   b. Bank 2 was a financial institution based in Wyoming whose deposits were insured by the FDIC. Bank 2 was an approved SBA lender of PPP loans.

   c. Bank 3 was a financial institution based in Colorado whose deposits were insured by the FDIC. Bank 3 was an approved SBA lender of PPP loans.

   d. Bank 4 was a financial institution based in Colorado whose deposits were insured by the FDIC. Bank 4 was an approved SBA lender of PPP loans.

   e. Bank 5 was a financial institution based in Minnesota whose deposits were insured by the FDIC. Bank 5 was an approved SBA lender of PPP loans.

   f. Bank 6 was a financial institution based in Minnesota whose deposits were insured by the FDIC. Bank 6 was an approved SBA lender of PPP loans.

   g. Bank 7 was a financial institution based in Montana whose deposits were insured by the FDIC. Bank 7 was an approved SBA lender of

    PPP loans.

  h. Lender 1 was an approved SBA lender of PPP loans based in Minnesota.

**The Scheme to Defraud**

  11. Beginning in or around April 2020, and continuing until at least in or around September 2021, within the State and District of Colorado and elsewhere, defendant EDWARD BAKER HARRINGTON devised and intended to devise a scheme to defraud and obtain money and property from the United States, Banks 1–7, and Lender 1 by means of materially false and fraudulent pretenses, representations, and promises (hereinafter referred to as the "Scheme"). It was part of the Scheme that:

  12. HARRINGTON submitted a number of fraudulent PPP applications to Banks 1–7 and Lender 1 on behalf of business entities that he controlled. These PPP applications contained a number of false and fraudulent certifications and representations regarding, *inter alia*, HARRINGTON'S social security number, HARRINGTON'S criminal history, HARRINGTON'S ownership of other businesses, as well as the businesses' average monthly payroll and number of employees. HARRINGTON further falsely represented that all PPP funds would be used to pay eligible business expenses, when, in fact, the proceeds were used for HARRINGTON's personal benefit. HARRINGTON also submitted false and fraudulent documentation in support of the PPP applications to Banks 1–7 and Lender 1.

  13. From at least April 2020 to at least September 2021, HARRINGTON obtained more than $1,000,000 in PPP loans as a result of the Scheme.

14. HARRINGTON routinely transferred PPP funds derived from his Scheme between bank accounts and utilized PPP funds to purchase goods and property, including real estate and vehicles.

15. HARRINGTON also sought loan forgiveness for PPP loans by submitting loan forgiveness applications in which he made false representations and certifications regarding his businesses and his compliance with the PPP program rules, including rules related to the eligible uses of PPP loan proceeds.

**Execution of the Scheme**

16. HARRINGTON made numerous false statements in each of the eight PPP loan applications referenced in the wire fraud counts below, to include false statements regarding his ownership of other businesses, his criminal history, and the business's average monthly payroll and number of employees.

17. For purposes of executing the Scheme described in paragraphs 11 through 16 above, on or about the dates listed below, HARRINGTON transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce the writings, signs, signals, pictures and sounds set forth below:

| Count | Date | Description of Wire |
|---|---|---|
| 1 | 6/10/2020 | Payment file for Bank 1 processing fee of $1,041.60 from SBA finance center in Colorado to U.S. Treasury disbursing office outside of Colorado caused by HARRINGTON's submission of Elk Ridge Consulting, LLC's PPP loan application. |
| 2 | 6/12/2020 | Payment file for Bank 2 processing fee of $3,322.08 from SBA finance center in Colorado to U.S. Treasury disbursing office outside of Colorado caused by |

| | | |
|---|---|---|
| | | HARRINGTON's submission of Alpine Search, LLC's PPP loan application. |
| 3 | 6/25/2020 | Payment file for Bank 3 processing fee of $4,987.75 from SBA finance center in Colorado to U.S. Treasury disbursing office outside of Colorado caused by HARRINGTON's submission of Arapaho Consulting LLC's PPP loan application. |
| 4 | 7/1/2020 | Payment file for Bank 4 processing fee of $4,987.80 from SBA finance center in Colorado to U.S. Treasury disbursing office outside of Colorado caused by HARRINGTON's submission of Summit Consulting Services LLC's PPP loan application. |
| 5 | 7/31/2020 | Payment file for Bank 5 processing fee of $7,460.00 from SBA finance center in Colorado to U.S. Treasury disbursing office outside of Colorado caused by HARRINGTON's submission of Spruce Lake Search LLC's PPP loan application. |
| 6 | 8/12/2020 | Payment file for Bank 6 processing fee of $6,420.00 from SBA finance center in Colorado to U.S. Treasury disbursing office outside of Colorado caused by HARRINGTON's submission of Spruce Lake Consulting, LLC's PPP loan application. |
| 7 | 8/24/2020 | Payment file for Bank 7 processing fee of $4,985.00 from SBA finance center in Colorado to U.S. Treasury disbursing office outside of Colorado caused by HARRINGTON's submission of Alpine Search Partners LLC's PPP loan application. |
| 8 | 8/28/2020 | Payment file for Lender 1 processing fee of $7,460.00 from SBA finance center in Colorado to U.S. Treasury disbursing office outside of Colorado caused by HARRINGTON's submission of Alpine Search Partners LLC's PPP loan application. |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS 9– 13
**MONEY LAUNDERING,** 18 U.S.C. § 1957

18. The allegations in paragraphs 1 through 26 are re-alleged and incorporated as if fully set forth herein.

19. On the dates set forth below, in the State and District of Colorado, and elsewhere, EDWARD BAKER HARRINGTON, a/k/a E. BAKER HARRINGTON, EDWARD BAKER HARRINGTON II, and BAKER HARRINGTON, did knowingly engage and attempt to engage in monetary transactions, as defined in Title 18, United States Code, Section 1957(f)(1), in criminally derived property of a value greater than $10,000.00, which was derived from a specified unlawful activity, that is, wire fraud, a violation of Title 18, United States Code, Section 1343.

| Count | Date | Financial Transaction |
|---|---|---|
| 9 | 6/9/2020 | Wire transfer of $75,000.00 from FMS Bank account xxxx2592 in the name of Arapaho Consulting LLC to Bank of America account xxxxxxxx1816 in the name of Arapaho Consulting LLC. |
| 10 | 6/25/2020 | Wire Transfer of $47,500.00 from HPB account xxxxxxxx5210 in the name of Summit Consulting Services LLC to Bank of America account xxxxxxxx6420 in the name of Elk Ridge Consulting LLC. |
| 11 | 10/9/2020 | Wire transfer of $24,000.00 from FMS Bank account xxxx2592 in the name of Arapaho Consulting LLC to Bank of America account xxxxxxxx1816 in the name of Arapaho Consulting LLC. |
| 12 | 1/28/2021 | Wire transfer of $85,000.00 from FMS Bank account xxxx2592 in the name of Arapaho Consulting LLC to Bank of America account xxxxxxxx1816 in the name of Arapaho Consulting LLC. |
| 13 | 3/31/2021 | Wire Transfer of $43,498.56 from Bank of America account xxxxxxxx6417 in the name of Elk Ridge Consulting LLC to US Bank xxxxxxxx6875 in the name of Chicago Title of Colorado for "Lot 75 Brook Drive Full and Final." |

All in violation of Title 18, United States Code, Section 1957.

## Forfeiture Allegation

20. The allegations contained in Counts 1 through 13 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2), and Title 28, United States Code, Section 2461(c).

21. Upon conviction of the violations alleged in Counts 1 through 13 of this Indictment involving the commission of violations of Title 18, United States Code, Sections 1343 and 1957, defendant EDWARD BAKER HARRINGTON, a/k/a E. BAKER HARRINGTON, EDWARD BAKER HARRINGTON II, and BAKER HARRINGTON, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) any and all of the defendant's right, title and interest in all property constituting and derived from any proceeds the defendant obtained directly and indirectly as a result of such offense, including, but not limited to: a money judgment in the amount of proceeds obtained by the defendant.

22. If any of the property described above, as a result of any act or omission of the defendant:

   a) cannot be located upon the exercise of due diligence;
   b) has been transferred or sold to, or deposited with, a third party;
   c) has been placed beyond the jurisdiction of the Court;
   d) has been substantially diminished in value; or
   e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

A TRUE BILL:  <u>Ink Signature on File in Clerk's Office</u>
FOREPERSON

COLE FINEGAN
United States Attorney

By: *s/ Nicole C. Cassidy*
Nicole C. Cassidy
Martha A. Paluch
Assistant United States Attorneys
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0409
E-mail:
    nicole.cassidy@usdoj.gov
    martha.paluch@usdoj.gov
Attorneys for the United States