IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.     22-cr-324-NYW

UNITED STATES OF AMERICA,

       Plaintiff,

v.

EDWARD BAKER HARRINGTON,
    *a/k/a E. Baker Harrington,*
    *a/k/a Edward Baker Harrington II,*
    *a/k/a Baker Harrington*,

       Defendant.

---

**UNOPPOSED MOTION TO EXCLUDE 90 DAYS
FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**

---

Mr. Edward Harrington, by and through his counsel Mary V. Butterton, hereby moves this Court for an Order to Exclude 90 days from the Speedy Trial Act computations and set the motions filing and trial dates accordingly. In support thereof, he states as follows:

**PROCEDURAL HISTORY**

1.    On October 18, 2022, Mr. Harrington was indicted on eight counts of Wire Fraud (in violation of 18 U.S.C. § 1343), and five counts of Money Laundering (in violation of 18 U.S.C. § 1957). Doc. 1. On October 26, 2022, Mr. Harrington was arrested and was released on conditions. Docs. 5, 6.

2.    On October 28, 2022, this Court set a motions deadline of December 8, 2022, and a jury trial for January 3, 2023. Doc. 14.

3.    On November 2, 2022, undersigned counsel received an initial discovery disclosure, with an additional supplement received on November 10, 2022. So far, the discovery

tendered includes approximately 8,000 pages of documents and 45 Excel spreadsheets. Undersigned counsel has begun review of this discovery, but requires additional time to review all disclosed documents.

## LAW REGARDING REQUESTS FOR CONTINUANCES

4. This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

5. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if

granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

6. Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

7. The ends of justice served by this requested delay outweigh the best interest of the public and the defendant. Proceeding within the current time requirements would deny counsel for Mr. Harrington the reasonable time necessary for effective preparation. The discovery is voluminous and will require weeks to review. Only after full discovery review can counsel fully analyze the case, advise Mr. Harrington as to his options, and prepare motions and for trial.

8. Defense counsel's request for a continuance in this case also satisfies the factors set forth in *United States v. West*.

9. First, counsel has been diligent in her review of the discovery and in the timeliness of this request. Defense counsel has begun review of discovery and has organized this voluminous disclosure. Further, defense counsel has shown diligence in this request by making it well before the expiration of the speedy trial clock and prior to the motions filing deadline of December 8, 2022.

10. Second, it is very likely that this continuance would accomplish the underlying purpose of this request. Excluding 90 days from the requirements of the Speedy Trial Act will allow defense counsel the time to fully review the discovery, and also evaluate that discovery for potential pre-trial motion issues and the need for further investigation. This type of thorough

evaluation is necessary to advise the defendant as to his options and potential strategies for defense. This 90-day continuance would allow defense counsel time to review all discovery, evaluate the need for experts, and complete investigation, all of which are necessary to providing the defendant with full and effective assistance of counsel.

11. Third, this request will not inconvenience the opposing party or its witnesses. Assistant U.S. Attorneys Martha Paluch and Nicole Cassidy have indicated that they do not oppose this motion, and have no known issues with witness availability or scheduling.

12. The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. The need for the continuance is described throughout this motion. Without the requested continuance the defense will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions (if necessary). Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and the defendant's right to be effectively represented in these proceedings will be seriously damaged.

## CONCLUSION

Wherefore, Mr. Edward Harrington, through his counsel, respectfully requests this Court for an Order excluding 90 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Mary V. Butterton
MARY V. BUTTERTON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Mary_Butterton@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Martha Paluch, Assistant United States Attorney
Email: Martha.Paluch@usdoj.gov

Nicole Cassidy, Assistant United States Attorney
Email: Nicole.Cassidy@usdoj.gov


and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Edward Harrington (via U.S. Mail)


        s/ Mary V. Butterton
        MARY V. BUTTERTON
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO  80202
        Telephone: (303) 294-7002
        FAX: (303) 294-1192
        Mary_Butterton@fd.org
        Attorney for Defendant