IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Criminal Action No. 22-cr-00324-NYW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. EDWARD BAKER
    HARRINGTON, a/k/a BAKER
    HARRINGTON,  a/k/a E. BAKER
    HARRINGTON,
    a/k/a EDWARD BAKER HARRINGTON II,

    Defendant.

---

### ORDER GRANTING UNOPPOSED MOTION TO EXCLUDE 90 DAYS FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT

---

This matter is before the Court on Defendant Edward Baker Harrington's ("Defendant") Unopposed Motion to Exclude 90 Days from the Requirements of the Speedy Trial Act ("Motion"). [Doc. 19, filed November 28, 2022]. Defendant asks this Court for an order excluding 90 days from the Speedy Trial Act calculation and for an extension of relevant deadlines, including the pretrial motions deadline, pursuant to 18 U.S.C. § 3161(h)(7)(A). [*Id.* at 1–2].

Defendant's Motion implicates the Speedy Trial Act of 1974 ("Speedy Trial Act" or the "Act"), which is "designed to protect a criminal defendant's constitutional right to a speedy trial and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Act "requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later." *Id.*; *see also* 18

U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)–(8).  The Speedy Trial Act provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . .
>
> Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).  This is frequently referred to as an "ends of justice continuance."

In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *See Hill*, 197 F.3d at 441. First, the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act].
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

2

After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance will outweigh the best interests of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact." *Hill*, 197 F.3d at 441 (quoting *United States v. Dorian*, 882 F.2d 1511, 1516 (10th Cir. 1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Dorian*, 882 F.2d at 1516).

Defendant's Motion describes the various factors that he believes necessitate the exclusion of 90 days in this case, and the Court adopts and incorporates those facts here. In support of his Motion, Defendant states that on October 18, 2022, a 13-count indictment was filed in this case, charging him with eight counts of wire fraud in violation of 18 U.S.C. § 1343 and five counts of money laundering in violation of 18 U.S.C. § 1957. [Doc. 19 at 1]; *see also* [Doc. 1].

Counsel for Defendant states that she received initial discovery for Defendant on November 2, 2022, and an additional supplement on November 10, 2022, and, thus far, "the discovery tendered includes approximately 8,000 pages of documents and 45 Excel spreadsheets." [Doc. 19 at 1–2]. The Motion states that proceeding with the current deadlines with deny Defense counsel sufficient time to prepare for the case given the voluminous discovery, which "will require weeks to review." [*Id.* at 3]. Defense counsel states that she has acted diligently in reviewing the discovery materials and seeking this extension of time; and an additional 90 days will allow her time to "review all discovery, evaluate the need for experts, and complete investigation, all of which are necessary to providing the defendant with full and effective assistance of counsel." [*Id.* at 3–4]. Counsel also represents that the Government does not object to the relief requested in the

3

Motion. [*Id.* at 4]. Counsel further states that "[w]ithout the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and the defendant's right to be effectively represented in these proceedings will be seriously damaged." [*Id.*].

Based on the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). The Court has considered the required factors under 18 U.S.C. § 3161(h)(7)(B)(i)–(iv). As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel. Accordingly, the Court **FINDS** that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. 3161(h)(7)(B)(i);

(2) Even considering due diligence, failure to grant the Motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 1361(h)(7)(B)(iv); and

(3) Therefore, the ends of justice served by granting the Motion outweigh the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

Therefore, it is **HEREBY ORDERED** that:

(1) Defendant's Unopposed Motion to Exclude 90 Days from the Requirements of the Speedy Trial Act [Doc. 19] is **GRANTED**;

(2) **The 70-day clock, exclusive of tolled time, shall accordingly be extended from January 4, 2023 to April 4, 2023**;

(3) The current trial date and all pretrial deadlines are hereby **VACATED.** The **five-day** jury trial is **RESET** for **March 20, 2023**. The Trial Preparation Conference/Change of Plea Hearing is reset for **March 17, 2023 at 10:00 a.m.**;

(4)     Defendant shall have up to and including **February 22, 2023** to file pretrial motions, and responses to these motions shall be filed by **March 1, 2023**.  If counsel believe an evidentiary hearing on motions is necessary, they shall confer and email Chambers at Wang_chambers@cod.uscourts.gov no later than **two business days after filing the motion** to set such a hearing; and

(5)     The remaining deadlines set forth in the Court's Order Setting Trial Dates and Deadlines [Doc. 14] remain **SET**.

DATED:  December 5, 2022                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge