IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00324-NYW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. EDWARD BAKER HARRINGTON,

    a/k/a BAKER HARRINGTON
    a/k/a E. BAKER HARRINGTON
    a/k/a EDWARD BAKER HARRINGTON II,

    Defendant.
_____

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE FOR A PERSONAL MONEY JUDGMENT**
_____

COMES NOW the United States of America ("United States"), by and through United States Attorney Cole Finegan and Assistant United States Attorney Laura B. Hurd, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure and moves this Court to enter a Preliminary Order of Forfeiture.

In support, the United States sets forth the following:

**I. Procedural Background**

1. On October 18, 2022, an Indictment was filed charging defendant Edward Baker Harrington in Counts One through Eight with wire fraud, in violation of 18 U.S.C. § 1343, and in Counts Nine through Thirteen with money laundering, in violation of 18 U.S.C. § 1957. (Doc. 1). The Indictment also alleged forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). (Doc. 1 at 9-10).

1

2. On March 23, 2023, the United States and defendant Edward Baker Harrington entered into a Plea Agreement. The Plea Agreement provides, *inter alia*, that the defendant plead guilty to Count One, charging a violation of 18 U.S.C. § 1343, and Count Nine, charging a violation of 18 U.S.C. § 1957. (Doc. 25).

3. Defendant Edward Baker Harrington further agreed to forfeit to the United States immediately and voluntarily, any and all assets and property, or portions thereof, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The assets to be forfeited which are listed in the Plea Agreement specifically include, but are not limited to, the following: a money judgment in the amount of the proceeds of the offenses of conviction, which is $1,012,797.95. (Doc. 25 at 4-5).

## II. Legal Argument

4. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Court shall order criminal forfeiture of all property constituting or derived from proceeds traceable to 18 U.S.C. § 1343[1] and 18 U.S.C. § 1957.

5. According to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what specific property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as soon as practicable after a plea of guilty. Under Rule 32.2, when a personal money judgment is sought, "the court must determine the amount of money the defendant will be ordered to pay." Fed. R. Crim. P.

---

[1] Title 28, United States Code, Section 2461(c) provides for the criminal forfeiture of any property that may be forfeited civilly. Title 18, United States Code, Section 981(a)(1)(C) provides for the forfeiture of any property constituting or derived from proceeds traceable to a "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7). In turn, 18 U.S.C. § 1956(c)(7) incorporates the offenses listed in 18 U.S.C. § 1961(1). Wire Fraud, in violation of 18 U.S.C. § 1343, is listed in 18 U.S.C. § 1961(1) as a "specified unlawful activity."

32.2(b)(1)(A).  The Court's determination may be based on any plea agreement, any other evidence already in the record, and any other additional evidence submitted by the parties that the Court deems relevant and reliable.  Fed. R. Crim. P. 32.2(b)(1)(B).

6. Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture.  Fed. R. Crim. P. 32.2(b)(2)(A). It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant."  Fed. R. Crim. P. 32.2(b)(2)(B).

7. As set forth in the Plea Agreement, from April 2020 through September 2021, defendant Edward Baker Harrington submitted fraudulent Personal Paycheck Protection (PPP) loan applications to Small Business Administration (SBA) approved third-party lenders on behalf of six business entities.  Defendant Edward Baker Harrington made materially false statements and certifications regarding, among other things, his social security number, his criminal history, his ownership of other businesses, as well as the businesses' average monthly payroll and number of employees.  He also submitted fraudulent documentation, including fabricated Internal Revenue Service documents and business income statements to support his PPP applications.  He also falsely represented that the PPP funds would be used to pay eligible business expenses, but he instead used the funds for his personal benefit.  Third-party lenders approved and funded 10 PPP loans, resulting in $1,012,797.95 being paid out to business entities that defendant Edward Baker Harrington controlled.  (Doc. 25 at 9).

Thereafter, defendant Edward Baker Harrington sought loan forgiveness for the funded PPP loans by submitting fraudulent PPP loan forgiveness applications containing false representations and certifications regarding his business and his compliance with

the PPP program rules, including eligible uses of PPP loan proceeds. *Id* at 10-11.

8. Accordingly, a Personal Forfeiture Money Judgment in the amount of $1,012,797.95 should be entered against defendant Edward Baker Harrington, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture for the following: a Personal Forfeiture Money Judgment in the amount of the proceeds of the offenses of conviction, which is $1,012,797.95.

DATED this 26th day of June 2023.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By: s/ *Laura B. Hurd*
Laura B. Hurd
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: laura.hurd@usdoj.gov
*Attorney for the United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of June 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice to all counsel of record.

s/ *Jason Haddock*
FSA Paralegal
U.S. Attorney's Office