IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  22-cr-00324-NYW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. EDWARD BAKER HARRINGTON,
   a/k/a BAKER HARRINGTON,
   a/k/a E. BAKER HARRINGTON,
   a/k/a EDWARD BAKER HARRINGTON II,

    Defendant.
_____

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS AND CORRECTIONS TO THE PRESENTENCE REPORT (ECF NO. 28)**
_____

On June 9, 2023, the U.S. Probation Office provided a draft of the Presentence Investigation Report ("PSR") for attorney review.  (ECF No. 27.)  On June 23, 2023, the defendant filed his objections to the PSR, including, *inter alia*, an objection to using intended loss as the appropriate measure of loss under USSG § 2B1.1.  (ECF No. 28 at 2.)  The government respectfully submits the following response to the defendant's objection regarding the use of intended loss.[1]

---

[1] Both the government and the defendant filed objections regarding the U.S. Probation Office's inclusion of the defendant's unsuccessful $43,500 ReadyCap Lending, LLC loan in its calculation of intended loss, resulting in an intended loss calculation of $1,533,380.48 and a 16-level enhancement pursuant to USSG § 2B1.1(b)(1)(I).  (ECF No. 28 at 1–3, ECF No. 29 at 1–3.)  If the Court sustains the parties' objections regarding the inclusion of this loan within the calculation of intended loss, the question of whether to use actual loss or intended loss is largely moot because the defendant's actual loss ($1,012,797.95) and intended loss ($1,489,880.48) would

1

**ARGUMENT**

USSG § 2B1.1(b)(1) requires an incremental increase in offense level based on a corresponding increase in the amount of loss. The term "loss," however, is not defined in the Guideline itself. Instead, the definition appears in Application Note 3 to the Guideline, which provides, in relevant part:

> Loss Under Subsection (b)(1).--This application note applies to the determination of loss under subsection (b)(1).
>
> (A) General Rule—Subject to the exclusions in subdivision (D), loss is the greater of actual loss or intended loss.
>
> (i) Actual loss—"Actual loss" means the reasonably foreseeable pecuniary harm that resulted from the offense.
>
> (ii) Intended loss—"Intended loss" (I) means the pecuniary harm that the defendant purposely sought to inflict; and (II) incudes intended pecuniary harm that would have been impossible or unlikely to occur (*e.g.*, as in a government sting operation, or an insurance fraud in which the claim exceeded the insured value).

USSG § 2B1.1 cmt. n.3(A)(i)-(ii).

In *Stinson v. United States*, 508 U.S. 36 (1993), the Supreme Court determined that commentary issued by the Sentencing Commission to interpret or explain a guideline is "authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Id.* at 38. In reaching this conclusion, the Court drew an "analogy" to the administrative-law practice of giving deference to agencies' reasonable readings of ambiguous regulations. *See id.*

---

fall within the same range under USSG § 2B1.1(b)(1)(H) ($550,000 to $1,500,000). (ECF No. 29.) Nonetheless, the government files this response to preserve its position that intended loss is the appropriate measure of loss.

2

at 44–45.  Thereafter, in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), the Supreme Court recognized that an agency's interpretation of its own regulations is entitled to deference if the regulation at issue "is genuinely ambiguous" after "all the 'traditional tools' of construction" are exhausted. 139 S. Ct. at 2415 (quoting *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 n.9 (1984)).

Citing *Kisor*, the defendant invites the Court to disregard the commentary to USSG § 2B1.1(b)(1) and instead calculate his loss using actual loss.  (ECF No. 28 at 2.) He contends that "intended loss" as defined in the commentary to §2B1.1 is an "improper expansion of a non-ambiguous term of the Sentencing Guidelines."  (*Id.*)

The government recognizes that the Third Circuit ruled that the word "loss" in § 2B1.1 unambiguously refers to actual loss and that the Guidelines commentary "expands the definition of 'loss'" and thus "carr[ies] no weight" based on application of *Kisor*.  *See United States v. Banks*, 55 F.4th 246, 258 (3d Cir. 2022).  However, this district has rejected a similar *Kisor* objection.  *See* Sentencing Transcript at 25,[2] *United States v. Foreman*, No. 21-cr-164-RM (D. Colo. Oct. 13, 2022) ("I'm overruling the [*Kisor*] objection. . . . I reject the notion that the word loss is as unambiguous as you say.").  The *Foreman* case is currently on appeal to the Tenth Circuit.  *See United States v. Foreman*, No. 22-1255 (10th Cir.).

The Fourth and Eleventh Circuits have also rejected similar arguments regarding the application of *Kisor*.  *See United States v. Corker*, No. 22-10192, 2023 WL 1777195,

---

[2] This sentencing transcript as filed with the appellate court is attached as Exhibit 1 to this filing.

at *4 (11th Cir. Feb. 6, 2023) ("We have also explicitly rejected the argument that Application Note 3(A) to § 2B1.1, instructing courts to calculate 'the greater of actual loss or intended loss,' contradicts the plain meaning of the Guidelines' text." (citing *United States v. Moss*, 34 F.4th 1176, 1190 (11th Cir. 2022))); *United States v. Moses*, 23 F.4th 347, 349 (4th Cir. 2022) (holding *Kisor* did not overrule *Stinson*'s standard for the deference owed to Guidelines commentary).

To the extent that the Court reaches this issue, the government contends that the term "loss" in § 2B1.1(b)(1) is genuinely ambiguous within the meaning of *Kisor*. After all, the term is not defined in § 2B1.1 and different guidelines use the term "loss" in different ways. *See* USSG § 2B2.1(b)(2) & cmt. n.2 ("'Loss' means the value of the property taken, damaged, or destroyed"); § 2T1.1(c)(1) (defining "tax loss" as the "total amount of loss that was the object of the offense (*i.e.*, the loss that would have resulted had the offense been successfully completed)"). And while it is true that the text of § 2B1.1(b)(1) does not explicitly include the term "intended loss," the text also does not include the term "actual loss."

Additionally, USSG § 1B1.2(b) instructs courts to determine the applicable guidelines range in accordance with § 1B1.3 (Relevant Conduct). Section 1B1.3(a)(3) provides that the offense level and specific offense characteristics shall be determined on the basis of "all harm that resulted from the acts and omissions specified in subsections (a)(1) and (a)(2) [of § 1B1.3], and *all harm that was the object of such acts and omissions*." (emphasis added). Limiting the term "loss" in § 2B1.1 to "actual loss"

4

would conflict with § 1B1.3, as it would fail to take into account "all harm that was the object of such acts and omissions" (*i.e.*, the intended loss).

Furthermore, the Sentencing Commission's interpretation of "loss" in Note 3(A)(ii) is a reasonable application of § 2B1.1(b)(1) and should be entitled to controlling weight in light of the Sentencing Commission's substantive expertise in developing and interpreting the Guidelines.  See *Stinson*, 508 U.S. at 45 (recognizing that the Guidelines commentary "assist[s] in the interpretation and application of [the Guidelines], which are within the Commission's particular area of concern and expertise and which the Commission itself has the first responsibility to formulate and announce"); *Mistretta v. United States*, 488 U.S. 361, 379 (1989) ("Developing proportionate penalties for hundreds of different crimes by a virtually limitless array of offenders is precisely the sort of intricate, labor-intensive task for which delegation to an expert body is especially appropriate.").  Accordingly, the government respectfully requests that the Court overrule this portion of the defendant's objections and calculate the defendant's loss using intended loss in accordance with Application Note 3(A)(ii).

Respectfully submitted this 30th day of June, 2023.

         COLE FINEGAN
         United States Attorney

      By: *s/ Nicole C. Cassidy*
         Nicole C. Cassidy.
         Martha A. Paluch
         Assistant United States Attorneys
         1801 California Street, Suite 1600
         Denver, Colorado 80202
         Tel: (303) 454-0100
         Fax: (303) 454-0409
         Nicole.cassidy@usdoj.gov
         Martha.paluch@usdoj.gov
         Attorneys for the Government

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of June, 2023, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO THE DEFENDANT'S OBJECTIONS AND CORRECTIONS TO THE PRESENTENCE REPORT (ECF NO. 28)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

*s/ Nicole C. Cassidy*
Assistant United States Attorney
United States Attorney's Office