IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Number 22-cr-00324-NYW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. EDWARD BAKER HARRINGTON,
   a/k/a BAKER HARRINGTON,
   a/k/a E. BAKER HARRINGTON,
   a/k/a EDWARD BAKER HARRINGTON II,

    Defendant.

## JOINT RESPONSE TO THE ORDER TO SHOW CAUSE (ECF NO. 48)

After conferring with defense counsel, the government respectfully submits the following joint response to the Court's Order to Show Cause, dated August 21, 2023. (ECF No. 48.)

### BACKGROUND

On October 18, 2022, a grand jury returned a 13-count Indictment against defendant Edward Baker Harrington. (ECF No. 1.)

On March 23, 2023, Mr. Harrington pled guilty to Counts 1 and 9 of the Indictment, which charged violations of 18 U.S.C. § 1343 (wire fraud) and 18 U.S.C. § 1957 (money laundering). Pursuant to the terms of the Plea Agreement, Mr. Harrington agreed that he had an obligation to pay restitution on the amount of his

1

fraudulent Paycheck Protection Program loans, plus interest accruing through the date of sentencing.  (ECF No. 25 at 11.)  The Plea Agreement contemplated that "[f]inal interest figures, as well as information regarding the apportionment of restitution between the SBA and third-party lenders" would be presented at the time of sentencing. (*Id.*)

On June 30, 2023, the government submitted its Statement Regarding Restitution, in which the government represented that the total amount of restitution was $1,078,033.50, which included $24,681.32 of interest which had accrued through the date of sentencing.  (ECF No. 41; *see also* ECF No. 41-1 (collecting SBA Certified Statements of Accounts reflecting accrued interest through the date of sentencing).)

At the sentencing hearing on July 14, 2023, the Court sentenced Mr. Harrington to 51 months' imprisonment, followed by 3 years' supervised release.  (ECF No. 45.) The Court further ordered that Mr. Harrington: (1) pay restitution in the amount of $1,078,033.50, which included interest through the date of sentencing; (2) forfeit his interest in the following property to the United States: a money judgment in the amount of $1,012,797.95 (the proceeds of the offenses of conviction); and (3) pay a $200 special assessment.  (*Id.* at 6, 8.)  The Court did not impose a fine.  (*Id.* at 6.)

On August 21, 2023, the Court issued an Order to Show Cause "why this Court should not AMEND the Judgment [45] to reflect that any additional interest be waived based on the Defendant's inability to pay pursuant to 18 U.S.C. s. 3612(f)(3)."  (ECF No. 48.)

## ANALYSIS

18 U.S.C. § 3612(f)(1) provides that "[t]he defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment." However, pursuant to 18 U.S.C. § 3612(f)(3), the Court may modify the interest owed by the defendant under certain conditions[1]:

> **MODIFICATION OF INTEREST BY COURT.**—If the court determines that the defendant does not have the ability to pay interest under this subsection, the court may—
>
> **(A)** waive the requirement for interest;
>
> **(B)** limit the total of interest payable to a specific dollar amount; or

---

[1] The government notes that courts are split on whether a district court may modify the interest requirement post-sentencing. *See United States v. Phillips*, 9 F.4th 382, 389 (6th Cir. 2021) (concluding a district court "could exercise its power under § 3612(f)(3) to waive restitution interest after sentencing" but noting that the decision whether to do so falls within the district court's discretion); *United States v. Coleman*, 319 F. App'x 228, 230 (4th Cir. 2009) (finding § 3612(f)(3) permits the court, post-judgment, to waive or limit the payment of interest upon a finding that the defendant is unable to pay interest); *but see United States v. Brumfield*, 125 F. Supp. 3d 648, 651 (W.D. Mich. 2015) (recognizing that "[d]istrict courts also have reached different results, but by the Court's count, the majority of them have concluded that § 3612(f)(3) does not provide post-sentencing jurisdiction"). It appears that the Tenth Circuit has not ruled on this issue. *See United States v. Turner*, 2023 WL 1927405, at *2 (D. Kan. Feb. 10, 2023) (recognizing that the Tenth Circuit has not directly addressed the issue of whether § 3612(f)(3) is applicable post-sentencing).

However, because the Judgment in this case neither ordered the payment of post-judgment interest on restitution pursuant to § 3612(f)(1) nor waived post-judgment interest pursuant to § 3612(f)(3) (*see* ECF No. 45 at 6), the government believes that the Court need not reach the issue regarding its authority to modify the interest requirement post-sentencing as the Court has the authority to amend the Judgment to rule on this matter pursuant to Federal Rule of Criminal Procedure 36. *See* Fed. R. Crim. P. 36 ("After giving any notice it considers appropriate, the court may at any time . . . correct an error in the record arising from . . . omission").

        **(C)** limit the length of the period during which interest accrues.

After conferring on this matter, the parties agree that Mr. Harrington does not have the ability to pay additional interest under § 3612(f).   In addition to the substantial restitution and forfeiture obligations owed in connection with this case, the Presentence Investigation Report reflects that Mr. Harrington has numerous other significant financial liabilities, including alimony payments and outstanding student loan debt.   (ECF No. 36 ¶¶ 89–101.)   Additionally, because Mr. Harrington is now serving his term of incarceration imposed in this case, he will have a limited ability to earn income for the next several years.

In light of the defendant's limited financial means and substantial outstanding financial obligations, the parties respectfully request that the Court find that Mr. Harrington does not have the ability to pay any additional interest on his restitution order and waive any additional requirement for interest under § 3612(f)(3)(A).

/ /

/ /

/ /

/ /

Respectfully submitted this 23rd day of August, 2023.

        COLE FINEGAN
        United States Attorney

        By: *s/ Nicole C. Cassidy*
        Nicole C. Cassidy
        Martha A. Paluch
        Assistant United States Attorneys
        United States Attorney's Office
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        Telephone: (303) 454-0100
        Email: nicole.cassidy@usdoj.gov
        Email: martha.paluch@usdoj.gov

        *Attorneys for the Government*


        VIRGINIA L. GRADY
        Federal Public Defender

        By: *s/ Mary V. Butterton*
        MARY V. BUTTERTON
        Assistant Federal Public Defender
        633 17th Street, Suite 1000
        Denver, CO 80202
        Telephone: (303) 294-7002
        FAX: (303) 294-1192
        Mary_Butterton@fd.org

        *Attorney for the Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of August, 2023, I electronically filed the foregoing **JOINT RESPONSE TO THE ORDER TO SHOW CAUSE (ECF NO. 48)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

*s/ Nicole C. Cassidy*
Nicole C. Cassidy
Assistant United States Attorney